# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Starr Indemnity & Liability Company, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF** |
| North Central Aviation, Inc., | |
| Defendant. | |

Plaintiff Starr Indemnity & Liability Company ("Starr Indemnity"), by and through its attorneys, for its Complaint for Declaratory Relief against Defendant North Central Aviation, Inc. ("North Central" or "Defendant"), hereby states and alleges as follows:

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*, which relates to insurance coverage under an aviation insurance policy issued by Starr Indemnity in connection with an action brought against North Central.

2. North Central is an aircraft charter company that operates out of Eden Prairie Flying Cloud Airport (KFCM).

3. North Central has been named as a defendant in a lawsuit (the "Underlying Lawsuit") alleging North Central's negligent operation of an aircraft caused property damage to an aircraft owned by BreezeAir, LLC ("BreezeAir"). BreezeAir also alleges North Central failed to procure adequate insurance coverage for and repair BreezeAir's damaged aircraft.

4. North Central has sought defense and indemnity from Starr Indemnity for the Underlying Lawsuit, and a dispute has arisen as to whether Starr Indemnity has any coverage obligations to North Central for the Underlying Lawsuit.

5. Starr Indemnity accordingly seeks declarations regarding the parties' respective rights and obligations in the Underlying Lawsuit. Specifically, Starr Indemnity seeks a declaration that no coverage exists under Starr Indemnity's aviation policy for North Central in the Underlying Lawsuit.

## THE PARTIES

6. Starr Indemnity & Liability Company is a Texas corporation with its principal place of business at 399 Park Avenue, 8th Floor, New York, New York 10022.

7. North Central Aviation, Inc. is a Minnesota corporation with its principal place of business at 670 West County Road B, Saint Paul, Minnesota 55113.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. An actual and justiciable controversy exists between Starr Indemnity and North Central regarding the parties' respective rights and obligations with respect to the Underlying Lawsuit and the Starr Indemnity policy.

10. Venue is proper in this District under 28 U.S.C. § 1391 because North Central resides in this District and a substantial part of the events or omissions giving rise to this dispute took place in this District.

## FACTUAL BACKGROUND

The Lawsuit

11. On or about October 12, 2017, BreezeAir filed a Complaint in the Underlying Lawsuit in District Court, Hennepin County, Minnesota (the "Underlying Complaint"). The Underlying Complaint names as defendants North Central and Investment Leasing, LLC

("Investment Leasing").

12. The Underlying Complaint alleges that BreezeAir is the owner of a Citation CJ2 aircraft bearing FAA Registration Number N457MD.

13. The Underlying Complaint further alleges that Investment Leasing is the owner of a Citation V aircraft bearing FAA Registration Number N753MB.

14. The Underlying Complaint alleges that BreezeAir leased aircraft N457MD to North Central pursuant to a February 15, 2016 Aircraft Lease Agreement, which BreezeAir contends required North Central to provide insurance covering liability and damage to aircraft N457MD.

15. The Underlying Complaint alleges that, on or about June 1, 2016, Investment Leasing leased aircraft N753MB to North Central pursuant to an aircraft lease agreement.

16. The Underlying Complaint alleges that, on or about December 5, 2016, North Central was operating aircraft N753MB at Flying Cloud Airport in Eden Prairie, Minnesota and struck aircraft N457MD while aircraft N457MD was parked at the airport, causing damage to aircraft N457MD and other damages.

17. The Underlying Complaint contains three counts: breach of contract (Count I) against North Central; negligence (Count II) against North Central; and vicarious liability/respondeat superior (Count III) against Investment Leasing.

18. BreezeAir's breach of contract count (Count I) against North Central alleges that North Central breached the February 15, 2016 Aircraft Lease Agreement between BreezeAir and North Central by failing to provide adequate insurance coverage for the damage to aircraft N457MD, and by refusing to restore aircraft N457MD to its pre-accident condition.

19. BreezeAir's negligence count (Count II) against North Central alleges that North

Central, while operating aircraft N753MB at Flying Cloud Airport, breached a duty of reasonable care in its operation of aircraft N753MB which caused damage to aircraft N457MD and other damages.

The Policy

20. Starr Indemnity issued Aviation Policy No. 1000223033-01 to Investment Leasing, LLC ("Investment Leasing") with a policy period from June 8, 2016 to June 8, 2017 (the "Policy"). The Policy contains an Additional Insured Endorsement (Endorsement No. 18) which names North Central as an additional insured.

21. In this action, Starr Indemnity seeks declarations concerning the parties' respective rights and obligations under the Policy. Specifically, Starr Indemnity contends that no coverage is afforded to North Central under the Policy with respect to the Underlying Lawsuit.

22. The Policy's insuring agreement with respect to Coverage B – Property Damage Liability provides:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of property damage . . . caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft; or, only with respect to Coverages A, B, and D, caused by an occurrence and arising out of the maintenance or use of the premises in or upon which the aircraft is stored.

23. The Policy defines "property damage" as follows:

Property damage means (a) physical injury to or destruction of tangible property which occurs during the policy period, including loss of use thereof at any time resulting therefrom, or (b) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

24. The Policy defines "occurrence" as follows:

Occurrence means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage during the policy period neither expected nor intended from the standpoint of the insured. In the

4

event of continuing or progressively deteriorating damage over any length of time, such damage shall be deemed to be one occurrence, and shall be deemed to occur only when such damage first commences.

25. The Policy contains several exclusions.

26. Exclusion No. 5(a) of the Policy applies "[t]o any liability for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

27. Exclusion No. 7 of the Policy applies "to property damage to property owned, occupied, rented or used by the insured or in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control or transported by the insured."

28. Starr Indemnity contends that no coverage is available to North Central under the Policy with respect to Count I of the Underlying Complaint. Specifically, Count I of the Underlying Complaint does not involve an "occurrence" as defined by the Policy. As such, Starr Indemnity contends that the Policy's insuring agreement is not triggered by Count I of the Underlying Complaint and Starr Indemnity owes no coverage obligations to North Central with respect to that Count.

29. Starr Indemnity also contends that Count I of the Underlying Complaint is excluded by Exclusion No. 5(a) and Exclusion No. 7 of the Policy.

30. In addition, Starr Indemnity contends that no coverage is available to North Central under the Policy with respect to Count II of the Underlying Complaint. At the time of the incident giving rise to the Underlying Lawsuit, aircraft N457MD was being rented to and used by North Central, and was in North Central's care, custody or control. As such, Exclusion No. 7 applies to exclude coverage for Count II against North Central.

## COUNT I
## DECLARATORY JUDGMENT – NO COVERAGE FOR NORTH CENTRAL'S ALLEGED BREACH OF CONTRACT (COUNT I OF UNDERLYING COMPLAINT)

31. Starr Indemnity repeats and realleges Paragraphs 1 through 30 as if fully set forth herein.

32. The Policy provides coverage for "property damage" caused by an "occurrence," which is further defined as "an accident, including continuous or repeated exposure to conditions, which results in . . . property damage during the policy period neither expected nor intended from the standpoint of the insured."

33. The Underlying Complaint alleges in Count I that North Central breached its Aircraft Lease Agreement with BreezeAir by failing to procure adequate insurance for, and repair the damage to, aircraft N457MD.

34. An actual and justiciable controversy exists between Starr Indemnity and North Central regarding whether North Central's alleged breach of contract constitutes an occurrence under the Policy and, in addition, whether Exclusion No. 5(a) and/or Exclusion No. 7 exclude any available coverage for this claim.

35. Starr Indemnity is entitled to a declaration that no coverage under the Policy exists with respect to North Central's alleged failure to procure insurance for or repair aircraft N457MD, because that allegation does not involve an occurrence under the Policy.

36. In the alternative, Starr Indemnity is entitled to a declaration that Exclusion No. 5(a) and/or Exclusion No. 7 of the Policy exclude coverage for Count I of the Underlying Complaint.

**COUNT II**
**DECLARATORY JUDGMENT – NO COVERAGE FOR**
**NORTH CENTRAL'S ALLEGED NEGLIGENCE**
**(COUNT II OF UNDERLYING COMPLAINT)**

37. Starr Indemnity repeats and realleges Paragraphs 1 through 36 as if fully set forth herein.

38. The Policy provides coverage for damages because of "property damage," which is defined as "(a) physical injury to or destruction of tangible property which occurs during the policy period, including loss of use thereof at any time resulting therefrom, or (b) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."

39. Exclusion No. 7 to the Policy provides that the Policy does not apply to "property damage to property owned, occupied, rented or used by the insured or in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control or transported by the insured."

40. The Underlying Complaint alleges in Count II that North Central was negligent in its operation of aircraft N753MB causing damage to aircraft N457MD.

41. At the time of the incident, North Central was the lessee of both aircraft N753MB and aircraft N457MD.

42. An actual and justiciable controversy exists between Starr Indemnity and North Central regarding whether coverage under the Policy with respect to Count II of the Underlying Complaint is excluded by Exclusion No. 7 of the Policy.

43. Starr Indemnity is entitled to a declaration that no coverage under the Policy exists with respect to North Central's alleged negligence causing damage to aircraft N457MD, because Exclusion No. 7 excludes coverage for this claim.

## PRAYER FOR RELIEF

WHEREFORE, Starr Indemnity prays the Court for the following relief:

a.       A declaration that Starr Indemnity has no obligation to defend and/or indemnify North Central under the Policy with respect to North Central's alleged failure to procure insurance for or repair aircraft N457MD as alleged in the Underlying Lawsuit (Count I of the Underlying Complaint), because those allegations do not involve an "occurrence" under the Policy.  In the alternative, Starr Indemnity prays for a declaration that Exclusion No. 5(a) and/or Exclusion No. 7 of the Policy exclude coverage for this claim;

b.       A declaration that Starr Indemnity has no obligation to defend and/or indemnify North Central under the Policy with respect to North Central's alleged negligence causing damage to aircraft N457MD as alleged in the Underlying Lawsuit (Count II of the Underlying Complaint), because Exclusion No. 7 of the Policy excludes coverage for this claim; and

c.       Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Starr Indemnity is entitled to and prays for trial by jury of all claims asserted in this action.

**GASKINS BENNETT BIRRELL SCHUPP L.L.P.**

Date: January 15, 2018

s/Robert W. Vaccaro
Timothy R. Schupp, #130837
Robert W. Vaccaro, #0313750
333 South Seventh Street, #3000
Minneapolis, MN  55402
Telephone: 612-333-9500
Email: tschupp@gaskinsbennett.com
           rvaccaro@gaskinsbennett.com

*Attorneys for Plaintiff*
*Starr Indemnity & Liability Company*